# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**EDWARD J. MERCER,**

      **Petitioner,**

v.                                     **CIVIL ACTION NO. 2:12cv40**
                                                **(Judge Bailey)**

**WARDEN DAVID BALLARD,**

      **Respondent.**

## CORRECTED REPORT AND RECOMMENDATION[1]
## 28 U.S.C. § 2254

### I. Introduction

On June 6, 2012, Edward J. Mercer, a *pro se* petitioner, filed a Petition for Habeas Corpus pursuant to 28 U.S.C. § 2254. On November 5, 2012, the petitioner paid the $5.00 filing fee. Upon an initial review of said petition, the undersigned determined that it might be untimely. Accordingly, by order entered December 11, 2012, the respondent was directed to file an answer to the petition on the limited issue of timeliness. On February 8, 2013 the respondent filed a Motion to Dismiss the petitioner as untimely filed. On February 11, 2013, a Roseboro Notice was issued to the petitioner, and on February 13, 2013, he filed a response. Accordingly, this matter is ripe for review.

### II. Factual Background

**A. Wetzel County Conviction**

On September 14, 2004, the grand jury sitting in Wetzel County, West Virginia returned a two-hundred and sixty-eight page indictment charging the petitioner with: (1) ninety-six counts of First Degree Sexual Assault, ninety-three counts of Incest, one hundred and nineteen counts of Third

---

[1]The soled purpose of this Corrected Report and Recommendation is to note that objections should be filed with the Honorable John P. Bailey.

Degree Sexual Assault, and two counts of Use of Obscene Matter with Intent to Seduce a Minor. The petitioner's two-day jury trial began on April 11, 2005. At the close of the State's case-in-chief, the trial court dismissed sixty counts of Third Degree Sexual Abuse, and the two counts of Use of Obscene Matter with Intent to Seduce a Minor, pursuant to defense counsel's Rule 29 motion for judgment of acquittal. The State moved to dismiss one count of Third Degree Sexual Assault due to a variance between the language in the indictment and the evidence adduced at trial. The defense did not call any witnesses, and the petitioner did not testify in his own defense. The jury convicted the petitioner on all the remaining counts. Thereafter, the petitioner was sentenced to no less than ninety-five years nor more than two-hundred sixty-five years of incarceration. The Circuit Clerk entered the trial court's sentencing order on April 11, 2005. The petitioner, by counsel, filed a motion for re-sentencing for purposes of appeal on September 17, 2005. The trial court granted the petitioner's motion on December 2, 2005. The trial court re-sentenced the petitioner once again on March 28, 2006, by agreed order.

**B. Direct Appeal**

The petitioner filed his notice of intent to appeal on June 21, 2005. The petitioner's counsel filed a petition for direct appeal with the West Virginia Supreme Court of Appeals ("WVSCA") on August 30, 2006. The appeal asserted one assignment of error:

> A conviction premised upon hundreds of 'cookie cutter' or 'carbon copy' counts in an indictment offends basic notions of due process and should not stand when there exists neither any differentiation in the language of the respective offenses charged in the indictment nor any evidence whatsoever at trial factually distinguishing acts alleged in one count from those alleged in the next.

Doc. 1-6.[2]

---

[2]This is taken from the pending petition. In his response, the respondent indicates that the assignment of error was as follows:

The court denied the petition on November 15, 2006. (Dckt. 1, p. 6). The petitioner did not file a petition for certiorari in the United States Supreme Court.

**C. State Habeas Petition**

On January 17, 2007, the petitioner filed a *pro se* petition for state post-conviction relief with the Circuit Court of Wetzel County. By order entered March 7, 2007, the state habeas court appointed counsel to represent the petitioner in the habeas proceeding. On October 17, 2007, the petitioner, by counsel, filed an amended petition and supporting memorandum of law. Counsel for the respondent replied to the amended petition on June 10, 2008. The state habeas court convened an omnibus hearing on June 13, 2008. By final order entered on October 14, 2008, the state habeas court denied the petitioner relief. On December 11, 2008, the petitioner's state habeas counsel filed an Anders motion to withdraw due to lack of meritorious grounds for appeal. In his response, the petitioner requested replacement counsel. On June 30, 2009, the counsel's motion to withdraw was granted, but the court afforded the petitioner the opportunity appeal without the assistance of counsel. However, the petitioner never appealed the habeas court's order denying him habeas relief, nor did he appeal the order granting counsel's Anders motion

On September 10, 2010, the petitioner filed a motion under Rule 35(a) of the West Virginia Rules of Criminal Procedure to correct an illegal sentence. The trial court never ruled on this motion.

---

> The Marshall County Circuit Court erred in overruling Petitioner's Motion for Judgment of Acquittal as to all 252 counts on which the jury was instructed inasmuch as evidence in the form of mere speculative estimates as to the number of times an act occurred was insufficient to permit any juror to find guilt beyond a reasonable doubt and the generic manner in which the indictment was ordered deprived him of due process of law in that he was deprived of adequate notice of the charges brought against him.

(Doc. 23, pp. 3-4).

On December 2, 2010, the petitioner filed a second petition for state post-conviction relief with the West Virginia Supreme Court pursuant to its original jurisdiction. The petitioner alleged the following grounds for relief:

> 1. The petitioner was denied his constitutional right to a sentence that is proportionate to the character and degree of offense as guaranteed by Article III, § 5 of the Constitution of West Virginia and Fifth, Sixth, Eighth, and Fourteenth Amendment to the Constitution of the U.S.A., when the Court imposed sentences for incest which are incongruent with the penalty authorized by the Legislature when the offenses actually occurred.
>
> 2. Petitioner was denied meaningful and effective assistance of counsel as secured by the Constitution of West Virginia and the Constitution of the United States of America when successive court-appointed attorneys acquiesced in the imposition of illegal sentences upon conviction for violating West Virginia Code § 61-11-12.
>
> 3. Petitioner was denied his right to equal protection of the law and the due process of the law is secured by the Constitution of West Virginia, Article III, §§ 1, 3, 10, 17 and 20 and the First, Sixth, Eighth, and Fourteenth Amendment of the United States Constitution.
>
> 4. Petitioner was denied his right to a unanimous verdict as secured by Rule 31, Rules of Criminal Procedure, and the constitutional guarantees against multiplicity of punishment when the court imposed consecutive sentences upon petitioner or incest and sexual assault in the first degree arising from the same transaction when the complaining witness testified and described only one such incident.

It was the petitioner's position that the trial court had sentenced him under the wrong version of the State's incest statute. At the time he committed the offenses, the statutory penalty was no less than five nor more than ten years. By the time of sentencing, the Legislature had increased the penalty to no less than ten nor more than twenty years. See W.Va. Code § 2-2-8 (statute in effect at time of offense governs punishment).

By order entered May 2, 2011, the Court granted petitioner's writ, in part, and remanded the matter back to Wetzel County for re-sentencing on the Incest counts. The trial court re-sentenced the petitioner by sentencing order entered March 5, 2012.

### III. Petitioner's Federal Habeas Corpus Claims

In his petition for habeas corpus relief, the petitioner appears to raise four grounds for relief. First, he alleges that he was denied the right to a fair sentence adequately supported by the facts found by the jury. Second, he alleges that he was denied meaningful and effective assistance of counsel when successive court-appointed attorneys acquiesced in the imposition of illegal sentences upon conviction for violating W.Va. Code § 61-11-12. Third, he alleges that he was denied his right to equal protection of the law and due process of law. Finally, he alleges that he was denied his right to a unanimous verdict and the constitutional guarantees against multiplicity of punishment when the court imposed consecutive sentences for incest and sexual assault in the first degree arising from the same transaction when the complaining witness described only one such incident. For relief, the petitioner requests that this Court vacate all convictions and sentences for Incest, Sexual Assault in First Degree and Sexual Assault in Third Degree subsequent to the initial and first conviction for each crime.

### IV. Respondent's Motion To Dismiss

In his motion to dismiss, the respondent argues that this matter is untimely under AEDPA's period of limitations for filing a federal habeas corpus petition. Accordingly, the respondent seeks a dismissal of this case.

### V. Petitioner's Reply

In reply to the motion to dismiss, the petitioner argues that his sentence did not become final until March 5, 2012, when the Circuit Court re-sentenced him. Therefore, the petitioner maintains that his petition is timely.

**VI. <u>Analysis</u>**

In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ["AEDPA"] was enacted, establishing a one-year limitation period within which to file any federal habeas corpus petition. 28 U.S.C. §2244(d).

Section 2244(d)(1) provides that the period of limitation will begin to run from the latest of four dates:

> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2244(d)(1); <u>Hill v. Braxton</u>, 277 F.3d 701 (4th Cir. 2002); <u>Harris v. Hutchinson</u>, 209 F.3d 325 (4th Cir. 2000).

The day of the event from which the statute of limitations begins to run is excluded in calculating the one year period. <u>Hernandez v. Caldwell</u>, 225 F.3d 435, 439 (4th Cir. 2000). In addition, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted

6

toward any period of limitation under this subsection." 28 U.S.C. §2244(d)(2); Id. at 327. "[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." Artuz v. Bennett, 531 U.S. 4, 8 (2000).

The petitioner does not assert that the Government impeded the filing of his §2254 petition, that the Supreme Court created a newly recognized constitutional right which was made retroactive or that there are newly discovered facts. Therefore, the date on which his judgment became final is relevant in determining the statute of limitations.

The petitioner's direct appeal was refused on November 16, 2006. The petitioner did not file a petition for certiorari. Therefore, his conviction became final on February 14, 2007, the date the time for filing a petition for certiorari expired.³ Accordingly, the clock on the petitioner's one year statute of limitations began to run on February 15, 2007, and absent a tolling event, the last date on which the petitioner could have filed a timely federal habeas corpus petition was February 14, 2008.

The respondent concedes that the one year statute of limitations was statutorily tolled when the petitioner's conviction became final by virtue of his petition for post-conviction relief while was filed with the Circuit Court of Wetzel County on January 17, 2007. Moreover, the respondent concedes that this petition tolled the limitation period through October 21, 2009.⁴ Therefore, the

---

³Pursuant to Rules 13.1 and 13.3 of the United States Supreme Court Rules, a request for further review of the petitioner's conviction by petition for certiorari could have been filed within the 90-day period following the denial of his direct appeal.

⁴This date is arrived at by adding the 90-day period that the petitioner had to appeal the Circuit Court's order granting his habeas counsel's Anders Motion on June 30, 2009.

7

respondent argues that the one year limitation period began to run on November 1, 2009, and continued to run unabated until October 31, 2010. Accordingly, the respondent argues that by the time the petitioner filed his second state habeas petition on December 2, 2010, pursuant to the West Virginia Supreme Court's original jurisdiction, his one-year statute of limitations had expired. Accordingly, the respondent maintains that it could not further toll the limitations period, and the federal habeas petition filed June 6, 2012, was filed well beyond the one-year period and must be dismissed as untimely.

However, in making this argument in support of his Motion to Dismiss, the respondent appears to miss the import of two pertinent decisions by the United States Supreme Court. First, is Wall v. Kholi, 131 S.Ct. 1278. In that decision, the Court ruled that the one-year ADEPA clock stops running while a motion for sentence reduction is pending. In this matter, the petitioner filed a Rule 35(a) motion on September 10, 2010, which stopped the clock. Because the motion was never ruled upon, the clock was still tolled when the petitioner filed his December 2, 2010 habeas petition pursuant to the original jurisdiction of the WVSCA., and remained tolled until the petitioner was re-sentenced on March 15, 2012. The undersigned concedes that without more, the instant habeas would still be untimely.[5] However, the petitioner, in his response to the Motion to Dismiss, has cited Burton v. Stewart, 127 S.Ct. 793 (2007). The Burton Court emphasized that "[f]inal judgment in a criminal case means sentence. The sentence is the judgment." Id. at 798 (internal quotations marks omitted)(quoting Berman v. United States, 302 U.S. 211, 212 (1937)),

---

[5]Specifically, the undersigned has calculated that 312 days of the 365 days ran between November 1, 2010, when the clock began running and September 10, 2010, when the petitioner filed his Rule 35(a) motion. Moreover, another 92 days ran between March 5, 2012, when he was re-sentenced and June 6, 2012, when he filed his federal habeas. Accordingly, giving all appropriate tolling, 405 days elapsed between when his conviction was final and when he filed his federal habeas.

8

Therefore, like in Burton, the petitioner's habeas clock did not begin to run until his amended sentence became final. Therefore, the petition is not untimely.

## VI. Recommendation

For the foregoing reasons, it is hereby recommended that the respondent's Motion to Dismiss (Dckt. 23) be **DENIED**, and an Order be entered directing the respondent to file an answer addressing the merits of the petition.

Within fourteen (14) days after being served with a copy of this Recommendation, any party may file with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable John Preston Bailey, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet. The Clerk of the Court is further directed to prove a copy to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic case Filing in the United States District Court for the Northern District of West Virginia.

Dated: 3-4-2013

_____
DAVID J. JOEL
UNITED STATES MAGISTRATE JUDGE