IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS

EDWARD J. MERCER,

    Petitioner,

v.                                             Civil Action No. 2:12-CV-40
                                                      (Bailey)

WARDEN DAVID BALLARD,

    Respondent.

## ORDER ADOPTING IN PART AND DECLINING TO ADOPT IN PART REPORT AND RECOMMENDATION

On this day, the above-styled matter came before this Court for consideration of the Corrected Report and Recommendation of the United States Magistrate Judge David J. Joel [Doc. 28]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Joel for submission of a proposed report and recommendation ("R&R"). Magistrate Judge Joel filed his original R&R on March 1, 2013 [Doc. 27]. On March 4, 2013, Magistrate Judge Joel filed a Corrected R&R [Doc. 28] to note that objections should be filed with the undersigned [*Id.* at 1]. In that filing, the magistrate judge recommended that this Court deny the respondent's Motion to Dismiss [Doc. 23] and direct the respondent to file an answer addressing the merits of the petitioner's petition [Doc. 28 at 9].

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. ***Thomas v. Arn***, 474 U.S. 140,

1

150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); ***Snyder v. Ridenour***, 889 F.2d 1363, 1366 (4th Cir. 1989); ***United States v. Schronce***, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Magistrate Judge Joel's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. Service of the Corrected R&R was accepted on March 8, 2013 [Doc. 30], and the petitioner timely filed his objections on March 12, 2013 [Doc. 31] and March 13, 2013 [Doc. 32]. As of the date of this Order, the respondent has filed no objections. Accordingly, this Court will review the portions of the R&R to which objection was made under a *de novo* standard of review. The remaining portions of the R&R will be reviewed for clear error.

## II. Factual and Procedural History

On September 14, 2004, in the Circuit Court of Wetzel County, West Virginia, the petitioner was indicted on 96 counts of Sexual Assault in the First Degree, 93 counts of Incest, 119 counts of Sexual Assault in the Third Degree, and 2 counts of Use of Obscene Matter with Intent to Seduce a Minor [Doc. 1 at 4; Doc. 23 at 1; Doc. 23-1 at 3; Doc. 28 at 1]. On April 11, 2005, the petitioner's trial regarding these charges commenced and lasted two days [Doc. 1 at 1, 4; Doc. 23 at 2; Doc. 23-1 at 4; Doc. 28 at 2]. At the close of the State's case-in-chief, the trial court dismissed 60 counts of Third Degree Sexual Assault and the 2 counts of Use of Obscene Matter with Intent to Seduce a Minor pursuant to the petitioner's Motion for Judgment of Acquittal [Doc. 23 at 2; Doc. 28 at 2]. In addition, the State moved to dismiss one count of Third Degree Sexual Assualt based upon a variance

2

between the language in the Indictment and the evidence adduced at trial [Doc. 23 at 2; Doc. 28 at 2]. On April 12, 2005, the jury convicted the petitioner of the remaining counts [Doc. 23 at 2; Doc. 23-1 at 4; Doc. 28 at 2]. On April 22, 2005, the petitioner filed post-trial motions for judgment of acquittal and a motion for a new trial, which were all denied by the Court during an evidentiary hearing on the motions on April 29, 2005 [Doc. 23 at 3; Doc. 23-1 at 4; Doc. 28 at 2].

On May 16, 2005, the trial court conducted the petitioner's sentencing hearing [Doc. 1 at 7; Doc. 23 at 3]. The petitioner was sentenced to no less than a total of 95 years nor more than 265 years of incarceration [Doc. 1 at 7; Doc. 23 at 3; Doc. 28 at 2]. The sentencing order was docketed by the Circuit Clerk on April 11, 2005 [Doc. 23 at 3; Doc. 23-1 at 5; Doc. 28 at 2].[1] On June 21, 2005, the petitioner filed a notice of intent to appeal [*Id.*]. The petitioner's conviction was entered on May 19, 2005 [Doc. 1 at 1; Doc. 32-1 at 1]. On September 17, 2005, counsel for the petitioner filed a motion for resentencing with the trial court [Doc. 23 at 3; Doc. 23-1 at 5; Doc. 28 at 2]. The trial court granted the petitioner's motion for resentencing on December 2, 2005 [*Id.*]. The trial Court resentenced the petitioner on March 28, 2006 [Doc. 23 at 3; Doc. 28 at 2].

On August 3, 2006, counsel for the petitioner (Robert McCoid) filed a petition for direct appeal with the West Virginia Supreme Court of Appeals ("WVSCA") [Doc. 1 at 8; Doc. 23 at 3; Doc. 23-1 at 5; Doc. 28 at 2]. The WVSCA denied the petition on November

---

[1]This Court notes that this date is before the date of the sentencing hearing. As such, the date reflected on the docket sheet for the petitioner's criminal case might be an error [*See* Doc. 23-1 at 5]; however, this date does not factor into the petitioner's one-year deadline under 28 U.S.C. § 2244(d)(1), so there is no prejudice against the petitioner should this date be an error.

15, 2006 [Doc. 1 at 2, 8; Doc. 23 at 4; Doc. 28 at 3].

On January 17, 2007, the petitioner filed a *pro se* petition for state post-conviction relief with the Circuit Court of Wetzel County, West Virginia [Doc. 1 at 9; Doc. 23 at 4; Doc. 23-1 at 10; Doc. 28 at 3]. On March 7, 2007, the circuit court appointed counsel (Brent Clyburn) to represent the petitioner in the state habeas proceeding [Doc. 23 at 4; Doc. 23-1 at 10; Doc. 28 at 3]. On October 17, 2007, counsel for the petitioner filed an amended petition [*Id.*]. After receiving respondent's response to the amended petition and conducting an omnibus evidentiary hearing on the amended petition, the circuit court denied the petitioner's amended state habeas petition on October 14, 2008 [Doc. 1 at 2, 9; Doc. 23 at 4; Doc. 23-1 at 11; Doc. 28 at 3].

On December 11, 2008, Mr. Clyburn filed an **Anders**[2] motion to withdraw due to lack of meritorious grounds for appeal [Doc. 23 at 5; Doc. 23-1 at 11; Doc. 28 at 3]. In response, the petitioner requested replacement counsel [Doc. 23 at 5; Doc. 28 at 3]. On June 30, 2009, the circuit court issued a decision granting Mr. Clyburn's **Anders** motion, but affording the petitioner the opportunity to appeal without the assistance of counsel [Doc. 23 at 5; Doc. 28 at 3]. The petitioner never filed an appeal *pro se* of the circuit court's October 14, 2008, denial of his amended state habeas petition; in addition, the petitioner did not appeal the circuit court's June 30, 2009, order granting Mr. Clyburn's **Anders** motion [Doc. 28 at 3].

On September 10, 2010, the petitioner filed with the circuit court a motion to correct an illegal sentence pursuant to Rule 35(a) of the West Virginia Rules of Criminal Procedure

---

[2] **Anders v. California**, 386 U.S. 738 (1967).

4

[Doc. 23 at 5; Doc. 23-1 at 7; Doc. 28 at 3]. The trial court did not enter a ruling on this motion [Doc. 23 at 5; Doc. 23-1 at 7-8; Doc. 28 at 3]. However, the petitioner was resentenced in March 2012 when the matter was remanded in part on the same issue by the WVSCA [Doc. 1 at 4, 14; Doc. 23 at 5; Doc. 28 at 5].

On December 2, 2010, the petitioner filed his second petition for state post-conviction relief with the WVSCA [Doc. 23 at 5; Doc. 28 at 4]. On May 2, 2011, the WVSCA entered an order granting the petitioner's writ in part and remanding the matter back to the Circuit Court for Wetzel County, West Virginia, for resentencing on the incest counts [Doc. 1 at 8, 10; Doc. 1-1 at 19; Doc. 23 at 6; Doc. 28 at 5]. On remand, the petitioner was resentenced on the incest counts by order entered on March 5, 2012 [Doc. 1 at 4, 14; Doc. 23 at 5; Doc. 28 at 5]. The petitioner did not appeal the resentencing [*See* Doc. 1 at 6].

On June 6, 2012, the petitioner filed *pro se* with this Court a Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody [Doc. 1]. In his petition, the petitioner raises four claims. In his first claim, the petitioner states that "[his] right to [*sic*] fair sentence adequately supported by the facts found by the jury was denied in violation of the Fifth, Sixth, Eighth and Fourteenth Amendments to the Constitution of the U.S.A. when the Circuit Court imposed sentences for incest which were incongruent with the penalty authorized by the W. Va. Legislature and consecutive to sentences for sexual assault in the 1st degree arising from the same transaction" [Doc. 1 at 4]. In support of this claim, the petitioner states that "the [circuit] [c]ourt failed to correct the double jeopardy and due process violation" with regard to his incest and sexual assault counts at his March 2012 resentencing [*Id.* at 6].

In his second claim, the petitioner states that "[he] was denied meaningful and effective assistance of counsel as secured by the First, Sixth, and Fourteenth Amendment to the Constitution of the U.S.A. when successive court-appointed attorneys acquiesced in the imposition of illegal sentences upon [*sic*] conviction for violating W. Va. Code § 61-11-12" [Doc. 1 at 7]. In support of this claim, the petitioner states that his trial lawyer improperly acquiesced to an illegal sentencing in May 2005 [*Id.* at 7-8], his appellate counsel acquiesced to an illegal sentencing for the incest counts in August 2006-November 2006 [*Id.* at 8], and his state habeas counsel acquiesced to an illegal sentencing for incest in October 2007-October 2008 [*Id.*].

In his third claim, the petitioner states that "[he] was denied his right to equal protection of the law and the due process of the law as secured by the 1st, 5th, 6th, 8th, and 14th Amendments to the Constitution of the U.S.A" [Doc. 1 at 9]. In support of this claim, the petitioner "asks this Court to find the Circuit Court erred when [it] failed to appoint an attorney to represent petitioner [*sic*] obtain a legal sentence" [*Id.*].

In his fourth claim, the petitioner states that "[he] was denied his right to [*sic*] unanimous verdict as secured by Rule 31, Rules of Criminal Procedure, and the constitutional guarantees against multiplicity of punishment when the [circuit] court imposed consecutive sentences upon petitioner for incest and sexual assault in the first degree arising from the same transaction when the complaining witness testified and described only one such incident" [Doc. 1 at 10]. In support of this claim, the petitioner argues that "[t]he State subjected [him] to prosecution on a [*sic*] multiple criminal counts relying solely on an indictment that was fundamentally ineffective to properly inform him of even the most basic circumstances giving rise to the charges against him" [*Id.* at 12]. The petitioner further

states that "the failure of the form of the charging document could not be, and was not, cured by proof received during the trial" [*Id.*].

On December 11, 2012, after an initial review of the petitioner's § 2254 petition, the magistrate judge concluded that the petition might be untimely and directed the respondent to file an answer on the limited issue of the timeliness of the petitioner's petition [Doc. 14]. On February 8, 2013, the respondent filed a Motion to Dismiss Petition as Untimely Filed [Doc. 23]. On February 15, 2013, the petitioner filed a response in opposition to the respondent's motion to dismiss [Doc. 26]. On March 1, 2013, the magistrate judge filed an R&R [Doc. 27], which was later corrected [Doc. 28] on March 4, 2013.[3] In his R&R, the magistrate judge concludes that the petitioner's § 2254 petition is timely [*See id.*].

### III. Applicable Law

#### A. Section 2244(d) One-Year Statute of Limitation

Motions filed pursuant to 28 U.S.C. § 2254 are subject to a one-year statute of limitations period. *See* 28 U.S.C. § 2244(d). The one-year time frame is measured from the latest of the following dates:

> (A) the date on which the judgment of conviction became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the constitutional right asserted was initially recognized

---

[3] The March 1, 2013, R&R [Doc. 27] was corrected to reflect that objections to the R&R should be filed with the undersigned [*See* Doc. 28 at 1, n.1].

7

by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D); *see also* **Hill v. Braxton**, 277 F.3d 701 (4th Cir. 2002).

The day of the event from which the statute of limitations begins to run is excluded in calculating the one year period. **Hernandez v. Caldwell**, 225 F.3d 435, 439 (4th Cir. 2000). "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation . . .." 28 U.S.C. § 2244(d)(2); *see also* **Harris v. Hutchinson**, 209 F.3d 325, 327 (4th Cir. 2000). "[A]n application is '*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." **Artuz v. Bennett**, 531 U.S. 4, 8 (2000) (emphasis in original). The Supreme Court of the United States has held that a properly filed motion to reduce sentence that is a post-conviction motion that was not part of the direct review process and requires a reexamination of the prisoner's sentence is a "collateral review" motion that tolls the one-year statute of limitation for federal habeas relief. **Wall v. Kholi**, 131 S.Ct. 1278,1281-82 (2011).

The statute of limitations is specific to each claim in a federal habeas petition. **Fielder v. Varner**, 379 F.3d 113, 122 (3d Cir. 2004); **Bachman v. Bagley**, 487 F.3d 979, 984-85 (6th Cir. 2007); **Souliotes v. Evans**, 622 F.3d 1173, 1179-80 (9th Cir. 2010) (vacated on other grounds); **Mardesich v. Cate**, 668 F.3d 1164, 1171 (9th Cir. 2012);

8

*Prendergast v. Clements*, 699 F.3d 1182, 1187-88 (10th Cir. 2012); *Zack v. Tucker*, 704 F.3d 917, 926 (11th Cir. 2013); see also *Pace v. DiGuglielmo*, 544 U.S. 408, 415-16 (2005) (noting that the majority of the subsections of § 2244(d)(1) require a claim by claim analysis).

"When a prisoner is resentenced and his § 2254 petition challenges the resentencing, the statute of limitations begins to run from the date that the resentencing becomes final." *Williams v. Florida*, 221 Fed.Appx. 867, 870 (11th Cir. 2007) (internal citations omitted); see also *Murphy v. United States*, 634 F.3d 1303, 1311-12 (11th Cir. 2011) ("when a defendant is resentenced, the defendant becomes confined under a new judgment from which a new one-year statute of limitations period starts to run").[4] "However, when . . . the habeas petition does not challenge the resentencing and only challenges his original conviction, the statute of limitations begins to run from the date that the original judgment of conviction became final." *Williams*, 221 Fed.Appx. at 870.

## IV. Discussion

Petitioner filed objections to the magistrate judge's R&R and Corrected R&R [Doc. 31; Doc. 32]. In his objections, the petitioner states that he does not object to the magistrate judge's conclusion that his petition is timely; however, he states that he objects to the magistrate judge's "finding regarding the tolling of the statute of limitation subsequent to the filing of the motion for correction of an illegal sentence" [Doc. 31 at 1]. The petitioner argues that, "given the absence of any ruling on [his Rule 35(a)] motion by the Circuit Court

---

[4]A resentencing does not prompt a new statute of limitations period when the resentencing merely accounts for previous time served. See *Graham v. Smelser*, 422 Fed.Appx. 705, 707-08 (10th Cir. 2011).

9

of Wetzel County, W.V., the one year statute of limitation remains tolled" [Doc. 32 at 1 (citing **Wall v. Kholi**, 131 S.Ct. 1278, 1278 (2010))]. The petitioner further argues that "[t]he government impeded the filing of a § 2254 petition by not vacating the illegal sentences for incest when the error was first brought to their attention in the Motion for Correction of an Illegal Sentence on September 10, 2010" [*Id.* at 2]. This Court will address the petitioner's objections as they pertain to (1) the claim related to his March 5, 2012, resentencing, and (2) those claims that are unrelated to his March 5, 2012, resentencing.

### A. Claim Related to March 2012 Resentencing

This Court notes that only part of Claim One of the petitioner's June 6, 2012, § 2254 petition relates to his March 2012 resentencing. To the extent that Claim One pertains to the new sentence imposed for the incest counts, Claim One is related to the petitioner's March 2012 resentencing. The WVSCA remanded the matter to the circuit court on May 12, 2011, to address the sentence for the incest counts [Doc. 1 at 8, 10; Doc. 1-1 at 19; Doc. 23 at 6; Doc. 28 at 5]. As such, to the extent that Claim One pertains to an argument regarding the sexual assault counts against the petitioner, Claim One is unrelated to the petitioner's March 2012 resentencing.

This Court finds that the portion of Claim One that pertains to the petitioner's March 2012 resentencing on the incest counts is timely because the statute of limitations period for this claim began to run from the date that the resentencing became final. *See* **Williams v. Florida**, 221 Fed.Appx. at 870. Under the WVSCA Revised Rules of Appellate Procedure, effective December 1, 2010, the petitioner had thirty days to file a notice of

appeal of the circuit court's March 5, 2012, resentencing. *See* WVSCA Rev. R.A.P. 5(b).[5] As such, the petitioner's March 2012 sentence became final on April 4, 2012. Accordingly, the petitioner's June 6, 2012, § 2254 petition is timely to the extent that it pertains to this portion of Claim One.

Furthermore, the petitioner's September 10, 2010, Rule 35(a) motion is not relevant to the start date of this new statute of limitations period and any delay or failure to rule on this motion did not impact the petitioner's ability to file his § 2254 petition on this portion of Claim One. Therefore, this Court hereby **OVERRULES** the petitioner's objections to the extent that they pertain to the portion of Claim One regarding the new sentence on the incest counts and finds that the statute of limitations on claims regarding the March 2012 resentencing is not currently tolled pursuant to § 2244(d)(1)(B). However, as previously noted, this Court finds this claim to be timely. As such, this Court hereby **adopts in part** the magistrate judge's R&R **[Doc. 28]** to the **extent** that it finds the **portion of Claim One pertaining to the** March 2012 resentencing on the **incest counts** to be **timely**; accordingly, this Court will direct the respondent to file an answer as to the portion of Claim One that pertains to the amended sentence on the incest counts.

---

[5]*See also* **Corbett v. Polk**, 1998 WL 558715, *1 (4th Cir. Aug. 28, 1998) (unpublished) (finding that a "conviction became final . . . after [the defendant] did not note an appeal . . ."); **McLemore v. Pitzer**, 1999 WL 3496, *1 (4th Cir. Jan. 6, 1999) (unpublished) (finding that a "conviction . . . became final . . . when [the defendant] did not note an appeal . . ."); **Escalante v. Watson**, 2012 WL 2914239, *7 (4th Cir. July 18, 2012) ("If a notice of appeal is timely filed, then the tolling period continues until final disposition by the highest state court.") (internal quotations and citations omitted); and **Mathers v. Seifert**, 2008 WL 2437629, *5 (S.D.W.Va. June 16, 2008) (noting that only a timely appeal tolls the statute of limitations period between a lower state court's decision and the filing of a notice of appeal to a higher state court) (internal citations omitted).

### B. Claims Unrelated to March 2012 Resentencing

This Court notes that the following claims in the petitioner's June 6, 2012, § 2254 petition are unrelated to his March 2012 resentencing: (1) the portion of Claim One that pertains to the sexual assault counts;[6] (2) Claim Two;[7] (3) Claim Three;[8] and (4) Claim Four.[9] As such, this following discussion in this section of the Order relates to these claims.

In his R&R, the magistrate judge concluded that "[the petitioner's] conviction became final on February 14, 2007, the date the time for filing a petition for certiorari expired" [Doc. 28 at 7]. However, the magistrate judge concluded that the statutory clock was first tolled when the petitioner filed his first petition for post-conviction relief with the Circuit Court of Wetzel County, West Virginia, on January 17, 2007 [*Id.*]. The magistrate judge concluded

---

[6]As previously noted, the WVSCA remanded the matter to the circuit court for resentencing on the incest counts [Doc. 1 at 8, 10; Doc. 1-1 at 19; Doc. 23 at 6; Doc. 28 at 5]. Accordingly, the portion of Claim One that pertains to the sexual assault counts actually pertains to the March 2006 sentence for these counts and is not related to the March 2012 resentencing. As such, this portion of Claim One is subject to the statute of limitations period from the March 2006 sentencing.

[7]In Claim Two, the petitioner argues that attorneys in proceedings prior to the March 2012 resentencing improperly acquiesced in an illegal sentence. As such, this claim does not relate to the petitioner's March 2012 resentencing. Furthermore, to the extent that the petitioner might argue that, pursuant to § 2244(d)(1)(D), he was not aware of the facts supporting this claim until he was resentenced on March 5, 2012, this Court disagrees. At a minimum, the petitioner was aware of such facts at the time of the WVSCA's May 12, 2011, ruling, if not earlier.

[8]Claim Three pertains to the circuit court's decision in June 2009 to not appoint the petitioner counsel to pursue an appeal. As such, this claim does not pertain to the petitioner's March 2012 resentencing.

[9]Claim Four directly pertains to the petitioner's original conviction. As such, it is unrelated to the petitioner's March 2012 resentencing.

that this first tolling period ended on October 31, 2009 [*Id.* at 7-8][10] and the petitioner's statutory clock began to run on November 1, 2009, until the second tolling event [*Id.* at 8]. The petitioner does not object to the magistrate judge's conclusion regarding this first tolling period [Doc. 31; Doc. 32 at 1].  Furthermore, this Court concurs with the magistrate judge's conclusion regarding this first tolling period for those claims unrelated to the March 2012 resentencing.

Next, the magistrate judge concluded that a second tolling event occurred on September 10, 2010, when the petitioner filed with the Circuit Court of Wetzel County, West Virginia, a motion to correct an illegal sentence pursuant to Rule 35(a) of the West Virginia Rules of Criminal Procedure.  As such, 313 days of the petitioner's one-year statute of limitations period on these claims accrued from November 1, 2009, to September 9, 2010. The petitioner does not object to the magistrate judge's conclusion that his Rule 35(a) motion prompted a second tolling period [Doc. 31; Doc. 32 at 1]; in addition, this Court agrees with the magistrate judge's conclusion regarding the start of the second tolling period for those claims unrelated to the petitioner's March 2012 resentencing.  However, in his objections, the petitioner argues that this tolling period is still in effect because the circuit court never entered a written order on his Rule 35(a) motion [Doc. 32 at 1-2]; as such, the petitioner objects to the magistrate judge's conclusion that the petitioner's statutory clock would begin to run again on the date after which his amended sentence

---

[10]This date is arrived at by adding the four-month time period that the petitioner had to appeal the circuit court's order granting Mr. Clyburn's ***Anders*** motion to withdraw on June 30, 2009.  *See* WVSCA R.A.P. 3; *see also* Doc. 23 at 10.

13

became final [*See* Doc. 28 at 8-9].

Pursuant to § 2244(d)(1)(A), the statute of limitation period shall run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking review." 28 U.S.C. § 2244(d)(1)(A). For purposes of § 2244(d)(1)(A), "[f]inal judgment in a criminal case means sentence. The sentence is the judgment." **Burton v. Stewart**, 549 U.S. 147, 156 (2007) (quoting **Berman v. United States**, 302 U.S. 211, 212 (1937)). As such, pursuant to 28 U.S.C. § 2244(d)(1)(A), the petitioner's statutory clock would begin to run again when his amended March 2012 sentence on the incest counts was final and he could no longer seek an appeal of his conviction.

In his R&R, the magistrate judge reaches the conclusion that "the petitioner's habeas clock did not begin to run [again] until his amended sentence became final" [Doc. 28 at 9]; this Court agrees with this conclusion. However, this Court does not agree with the magistrate judge's conclusion that "the petitioner is not untimely" [*Id.*]. Under the WVSCA Revised Rules of Appellate Procedure, effective December 1, 2010, the petitioner had thirty days to file a notice of appeal of the circuit court's March 5, 2012, resentencing. *See* WVSCA Rev. R.A.P. 5(b). Therefore, his amended sentence became final on April 4, 2012.[11] As such, the petitioner's one-year statute of limitation time period on the claims

---

[11]*See* **Carey v. Saffold**, 536 U.S. 214, 217, 219-21 (2002) (finding that an application for state collateral review is "pending" in the state courts as to toll the time period for seeking federal habeas corpus relief between the time of a lower state court's decision and the filling of a notice of appeal to a higher state court); *see also* **Corbett v. Polk**, 1998 WL 558715, *1 (4th Cir. Aug. 28, 1998) (unpublished) (finding that a "conviction became final . . . after [the defendant] did not note an appeal . . ."); *see also* **McLemore v. Pitzer**, 1999 WL 3496, *1 (4th Cir. Jan. 6, 1999) (unpublished) (finding that a "conviction . . . became final . . . when [the defendant] did not note an appeal . . ."); *see also* **Escalante**

14

unrelated to the March 2012 resentencing began to run again on April 5, 2012. *See*

***Hernandez v. Caldwell***, 225 F.3d 435, 439 (4th Cir. 2000). Including the 313 days from

November 1, 2009, to September 9, 2010, the petitioner's 365-day statute of limitation

expired on May 28, 2012, before the June 6, 2012, filing[12] of the petitioner's § 2254 petition.

As such, this Court concludes that the petitioner's § 2254 petition is untimely under §

2244(d)(1)(A). Accordingly, this Court overrules the petitioner's objection on this issue and

declines to adopt the magistrate judge's R&R on this issue.

In his objections, the petitioner appears to argue that, pursuant to § 2244(d)(1)(B),

his one-year statute of limitation period remains tolled based upon his impediment to filing

his § 2254 petition. Under § 2244(d)(1)(B), the statute of limitation period shall run from "the

date on which the impediment to filing an application created by State action in violation of

the Constitution or laws of the United States is removed, if the applicant was prevented

from filing such State action." 28 U.S.C. § 2244(d)(1)(B). In his objections, the petitioner

states that "[t]he government impeded the filing of a § 2254 petition by not vacating the

---

***v. Watson***, 2012 WL 2914239, *7 (4th Cir. July 18, 2012) ("If a notice of appeal is timely filed, then the tolling period continues until final disposition by the highest state court.") (internal quotations and citations omitted); *see also* ***Mathers v. Seifert***, 2008 WL 2437629, *5 (S.D.W.Va. June 16, 2008) (noting that only a timely appeal tolls the statute of limitations period between a lower state court's decision and the filing of a notice of appeal to a higher state court) (internal citations omitted).

[12]This Court notes that the date the filing was received by this Court is the appropriate date to use here because the mailbox rule is not applicable to extend the statute of limitations for filing a petition for federal habeas relief from a state-court conviction. *See* ***Rouse v. Lee***, 339 F.3d 238, 245-46 (4th Cir. 2003). Furthermore, the petitioner alleges that he did not place the petition in the prison mailing system until June 4, 2012 [*See* Doc. 1 at 15].

15

illegal sentences for incest when the error was first brought to their attention in the Motion for Correction of an Illegal Sentence on September 10, 2010" [Doc. 31 at 2]. This Court first notes that the petitioner has not alleged a violation of the Constitution or the laws of the United States in this alleged impediment. However, even if the Court were to find that the there was an impediment that resulted from a State action in violation of the Constitution or the laws of the United States, such an impediment would have been removed when the WVSCA addressed the issue and remanded the matter to the circuit court for resentencing on the incest counts.[13] This is evidenced by the fact that the petitioner had no impediment to his pending § 2254 petition in this matter.[14] Accordingly, this Court disagrees with the petitioner's argument that the second tolling period for the claims unrelated to his March 2012 resentencing should remain tolled pursuant to § 2244(d)(1)(B) and overrules the petitioner's objection on this issue. As such, this Court **declines to adopt in part** the magistrate judge's R&R **[Doc. 28]** to the **extent** that it **finds these claims timely**.

---

[13] In his § 2254 petition, the petitioner states that he appealed the issue presented in his Rule 35(a) motion to the WVSCA, which remanded the matter to the Circuit Court on May 2, 2011, for resentencing on the incest counts [*See* Doc. 1 at 7]. The petitioner appears to be referring to his second petition for state post-conviction relief filed with the WVSCA on December 2, 2010 [*See* Doc. 23 at 5; Doc. 28 at 4]. In its May 2, 2011, order, the WVSCA granted the petitioner's writ in part and remanded the matter back to the Circuit Court for Wetzel County, West Virginia, for resentencing on the incest counts [*See* Doc. 1 at 8, 10; Doc. 1-1 at 19; Doc. 23 at 6; Doc. 28 at 5]. On remand, the petitioner was resentenced on the incest counts by order entered by the circuit court on March 5, 2012 [Doc. 1 at 4, 14; Doc. 23 at 5; Doc. 28 at 5].

[14] This Court further notes that this date precedes the one established under § 2244(d)(1)(A).

## V. Conclusion

Upon careful review of the Corrected Report and Recommendation, this Court hereby **ADOPTS in part** the magistrate judge's Corrected Report and Recommendation **[Doc. 28]** to the **extent** that it finds the **portion of Claim One pertaining to** the amended sentence on the **incest counts** to be **timely**. Accordingly, Respondent's Motion to Dismiss Petition as Untimely Filed **[Doc. 23]** is hereby **DENIED in part with respect** to the **portion of Claim One** of the petitioner's § 2254 petition **regarding the amended sentence on the incest counts**. As such, this Court hereby **DIRECTS** the **respondent** to **file** an **answer** as to this portion of Claim One that pertains to the amended sentence on the incest counts on or before **June 10, 2013**.

In addition, this Court hereby **DECLINES TO ADOPT in part** the magistrate judge's Corrected Report and Recommendation **[Doc. 28]** to the **extent** it **pertains to** the **portion of Claim One regarding the sexual assault counts, Claim Two, Claim Three, and Claim Four** of the petitioner's § 2254 petition. Accordingly, Respondent's Motion to Dismiss Petition as Untimely Filed **[Doc. 23]** is hereby **GRANTED in part** with respect to the **portion of Claim One regarding the sexual assault counts, Claim Two, Claim Three, and Claim Four** of the petitioner's § 2254 petition. As such, the petitioner's § 2254 petition **[Doc. 1]** is **DISMISSED in part as untimely** with respect to the **portion of Claim One regarding the sexual assault counts, Claim Two, Claim Three, and Claim Four**. With regard to the dismissal of these claims of the petition, this Court, upon an independent review of the record and finding that he has made "a substantial showing of the denial of

17

a constitutional right," hereby **GRANTS** the petitioner a certificate of appealability. 28 U.S.C. § 2253(c)(2). It is further **ORDERED** that the petitioner's **Objections [Doc. 31; Doc. 32]** are **OVERRULED**.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* petitioner.

**DATED:** April 9, 2013.

JOHN PRESTON BAILEY
CHIEF UNITED STATES DISTRICT JUDGE