IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS

EDWARD J. MERCER,

    Petitioner,

v.                                                        Civil Action No. 2:12-CV-40
                                                           (Bailey)

WARDEN DAVID BALLARD,

    Respondent.

## ORDER

On this day, the above-styled matter came before this Court for consideration of the remaining claim in the petitioner's June 6, 2012, Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 [Doc. 1] pertaining to his March 5, 2012, amended sentence on multiple counts of incest. Also pending before this Court is the Respondent's Motion for Partial Summary Judgment [Doc. 48] and memorandum of support thereof [Doc. 49], filed on July 23, 2013.

### I. Factual and Procedural History

On April 12, 2005, a jury convicted the petitioner of multiple counts of Sexual Assault in the First Degree, Incest, and Sexual Assault in the Third Degree in a criminal proceeding in the Circuit Court of Wetzel County, West Virginia [Doc. 23 at 2; Doc. 23-1 at 4; Doc. 28 at 2]. On May 16, 2005, the trial court conducted the petitioner's original sentencing hearing and was sentenced to no less than a total of 95 years nor more than 265 years of incarceration [Doc. 1 at 7; Doc. 23 at 3; Doc. 28 at 2]. The sentencing order

1

was docketed by the Circuit Clerk on April 11, 2005 [Doc. 23 at 3; Doc. 23-1 at 5; Doc. 28 at 2].¹ On June 21, 2005, the petitioner filed a notice of intent to appeal [*Id.*]. Counsel for the petitioner filed a motion for resentencing, which was granted on December 2, 2005 [*Id*]; the trial Court resentenced the petitioner on March 28, 2006 [Doc. 23 at 3; Doc. 28 at 2]. On August 3, 2006, counsel for the petitioner (Robert McCoid) filed a petition for direct appeal with the West Virginia Supreme Court of Appeals ("WVSCA") [Doc. 1 at 8; Doc. 23 at 3; Doc. 23-1 at 5; Doc. 28 at 2]. The WVSCA denied the petition on November 15, 2006 [Doc. 1 at 2, 8; Doc. 23 at 4; Doc. 28 at 3].

On January 17, 2007, the petitioner filed a *pro se* petition for state post-conviction relief with the Circuit Court of Wetzel County, West Virginia [Doc. 1 at 9; Doc. 23 at 4; Doc. 23-1 at 10; Doc. 28 at 3]. On March 7, 2007, the circuit court appointed counsel (Brent Clyburn) to represent the petitioner in the state habeas proceeding [Doc. 23 at 4; Doc. 23-1 at 10; Doc. 28 at 3]. On October 17, 2007, counsel for the petitioner filed an amended petition [*Id.*]. After receiving respondent's response to the amended petition and conducting an omnibus evidentiary hearing on the amended petition, the circuit court denied the petitioner's amended state habeas petition on October 14, 2008 [Doc. 1 at 2, 9; Doc. 23 at 4; Doc. 23-1 at 11; Doc. 28 at 3].

On December 11, 2008, Mr. Clyburn filed an ***Anders***² motion to withdraw due to

---

¹The Court notes that this date is before the date of the sentencing hearing. As such, the date reflected on the docket sheet for the petitioner's criminal case might be an error [*See* Doc. 23-1 at 5]; however, this date does not factor into the petitioner's one-year deadline under 28 U.S.C. § 2244(d)(1), so there is no prejudice against the petitioner should this date be an error.

²***Anders v. California***, 386 U.S. 738 (1967).

2

lack of meritorious grounds for appeal [Doc. 23 at 5; Doc. 23-1 at 11; Doc. 28 at 3]. In response, the petitioner requested replacement counsel [Doc. 23 at 5; Doc. 28 at 3]. On June 30, 2009, the circuit court issued a decision granting Mr. Clyburn's **Anders** motion, but affording the petitioner the opportunity to appeal without the assistance of counsel [Doc. 23 at 5; Doc. 28 at 3]. The petitioner never filed a *pro se* appeal of the circuit court's October 14, 2008, denial of his amended state habeas petition; in addition, the petitioner did not appeal the circuit court's June 30, 2009, order granting Mr. Clyburn's **Anders** motion [Doc. 28 at 3].

On September 10, 2010, the petitioner filed with the circuit court a motion to correct an illegal sentence pursuant to Rule 35(a) of the West Virginia Rules of Criminal Procedure [Doc. 23 at 5; Doc. 23-1 at 7; Doc. 28 at 3]. The trial court did not enter a ruling on this motion [Doc. 23 at 5; Doc. 23-1 at 7-8; Doc. 28 at 3]. However, the petitioner was resentenced in March 2012 when the matter was remanded in part on the same issue by the WVSCA [Doc. 1 at 4, 14; Doc. 23 at 5; Doc. 28 at 5].

On December 2, 2010, the petitioner filed his second petition for state post-conviction relief with the WVSCA [Doc. 23 at 5; Doc. 28 at 4]. On May 2, 2011, the WVSCA entered an order granting the petitioner's writ in part and remanding the matter back to the Circuit Court for Wetzel County, West Virginia, for resentencing on the incest counts [Doc. 1 at 8, 10; Doc. 1-1 at 19; Doc. 23 at 6; Doc. 28 at 5]. On remand, the petitioner was resentenced on the incest counts by order entered on March 5, 2012 [Doc. 1 at 4, 14; Doc. 23 at 5; Doc. 28 at 5]. The petitioner did not appeal the resentencing [*See* Doc. 1 at 6].

On June 6, 2012, the petitioner filed with this Court the pending *pro se* Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody [Doc. 1]. In his petition, the petitioner raised four claims. In his first claim, the petitioner states that "[his] right to [*sic*] fair sentence adequately supported by the facts found by the jury was denied in violation of the Fifth, Sixth, Eighth and Fourteenth Amendments to the Constitution of the U.S.A. when the Circuit Court imposed sentences for incest which were incongruent with the penalty authorized by the W. Va. Legislature and consecutive to sentences for sexual assault in the 1st degree arising from the same transaction" [Doc. 1 at 4]. In support of this claim, the petitioner states that "the [circuit] [c]ourt failed to correct the double jeopardy and due process violation" with regard to his incest and sexual assault[3] counts at his March 2012 resentencing [*Id.* at 6].[4]

On April 9, 2013, this Court entered an Order [Doc. 33] finding the portion of petitioner's first claim, to the extent that it pertains to his March 5, 2012, amended sentence on the incest counts, to be timely [*Id.* at 10-11, 17]; as such, the respondent was directed to file an answer on this remaining claim on or before June 10, 2013 [*Id.* at 17]. The other claims of the petitioner's § 2254 were dismissed as untimely [*Id.* at 12-16, 17].[5] With respect to these dismissed claims, the Court granted the petitioner a certificate of

---

[3]As discussed in further detail in its April 9, 2013, Order [Doc. 33], this Court found the portion of Claim One pertaining to the sexual assault counts to be untimely [*See id.*].

[4]The petitioner alleged three additional claims; however, this Court does not discuss these claims in this Order because they were dismissed as untimely by this Court on April 9, 2013 [*See* Doc. 33].

[5]As previously stated, this included the portion of Claim One pertaining to the counts for sexual assault.

appealability pursuant to 28 U.S.C. § 2253(c)(2) [*Id.* at 17-18]. The petitioner filed a timely notice of appeal [Doc. 35] to the United States Court of Appeals for the Fourth Circuit ("Fourth Circuit"); however, the Fourth Circuit dismissed the petitioner's appeal for lack of jurisdiction [Doc. 45]. On July 23, 2013, the respondent filed his Amended Answer [Doc. 47], Motion for Partial Summary Judgment [Doc. 48], and Memorandum in Support of the Motion for Partial Summary Judgment [Doc. 49].

## II. Discussion

In his Amended Answer, the respondent requests this Court to "grant a conditional writ of habeas corpus so that the Petitioner may be resentenced on [the incest counts,] Counts 98 through 192, and that the balance of Petitioner's grounds for relief be dismissed with prejudice" [Doc. 47 at 2]. This request is reiterated by the respondent in his Motion for Partial Summary Judgment [Doc. 48] and the memorandum in Support thereof [Doc. 49]. In particular, the respondent "concedes that the petitioner's ground for relief [alleging that his sentencing on the incest counts is not consistent with the appropriate statutory language] is meritorious" [Doc. 49 at 1]. In addition, the respondent states the following:

> The Petitioner states in his petition the acts of incest against A.S.C.[6], his nephew, occurred between June 1984 and June 1988. The State did not charge the Petitioner with any sexually assaultive conduct occurring before September 1, 1984. The Legislature amended the incest statute in both

---

[6]A.S.C. was born on June 11, 1979. The Petitioner, 58, moved in with A.S.C.'s family until A.S.C. turned seventeen. A.S.C. testified that the Petitioner began assaulting him when he turned five or six. These repeated assaults ended when A.S.C. turned nine or ten. Thus[,] Petitioner's sexually abusive conduct against A.S.C. began in 1984 or 1985 and ended in 1988 or 1989. (Resp't Ex. 2)

In his pre-trial statement, the Petitioner told Wetzel County Trooper Kush that his assaultive behavior began when A.S.C. entered the first grade and ended when he was sixteen or seventeen years old.

5

1984 and 1986. Thus, Petitioner's conduct would be covered under both amendments. At the time he committed the offenses, the statutory penalty for incest was no less than 5 nor more than 15 years. *See* W. Va. Code § 61-8-12(c). *See also* **State v. Wood**, 460 S.E.2d 771, 785 (W. Va. 1995). The Legislature amended the statute two more times, and both times the penalty remained the same.

The Petitioner's trial began on April 11, 2005, and ended the following day. Among other counts, the Petitioner was convicted of 95 counts of incest. (Counts 97-192.) Each count states that the Petitioner's assaultive conduct began on September 1, 1984, and ended on September 30, 1988. The trial court sentenced the Petitioner on May 19, 2005, to no less than 10 nor more than 20 years on each count of incest; counts 97 and 98, to be served consecutively to counts one, two and three (First Degree Sexual Assault), and counts 99 through 192 to be served concurrently with count 98 and concurrently with each other. Currently, the Petitioner is serving an indeterminate sentence of no less than 95 to no more than 265 years.

The West Virginia Legislature amended the incest statute in 1984 and 1986. In 1981, the statue was amended to cover oral sex in the definition of sexual intercourse. **State v. Dolin**, 347 S.E.2d 208, 211 n.2 (W. Va. 1986). Both the 1984 and 1986 amendments set the penalty at an indeterminate term of no less than 5 nor more than 10 years incarceration. *See* **State v. Bennett**, 382 S.E. 2d 322 (W. Va. 1989); **State v. Peyatt**, 315 S.E.2d 574, 576 n.1 (W. Va. 1983). The legislature increased the penalty to no less than 5 nor more than 15 years on July 1, 1991.

The trial court's amended sentencing order indicates that the Petitioner was sentenced to a term of no less than 10 years nor more than 20 for each count of incest. Under any version, even the most recent, of the statute, this sentence is incorrect. In this case, the evidence adduced at trial proved beyond a reasonable doubt that the Petitioner's assaultive behavior against his nephew began in 1984 and ended in 1988. Therefore, the correct sentence for each count should have been no less than 5 nor more than 10 years indeterminate. (Resp't Ex. 3.)

The Petitioner's point is well taken. It is the Respondent's position that this Court should issue a conditional writ remanding the matter back to the trial court for resentencing on the incest counts.

[Doc. 49 at 4-5].

Based upon the respondent's concession of error regarding the petitioner's March 5, 2012, resentencing on the incest counts, this Court finds good cause to grant the petitioner a Writ of Habeas Corpus for resentencing on the incest counts in accordance

with the correct sentence conceded to by the respondent of "no less than 5 nor more than 10 years indeterminate" on each incest count [*See id.* at 5].

## III. Conclusion

For the foregoing reasons, this Court hereby **GRANTS in part** the petitioner's § 2254 petition **[Doc. 1]** on the remaining claim to the extent that the petitioner seeks to be resentenced on the incest counts of which he was convicted in the Circuit Court of Wetzel County, West Virginia. In addition, this Court **GRANTS in part and DENIES as moot in part** the respondent's Motion for Partial Summary Judgment **[Doc. 48]**. The motion is **GRANTED in part to the extent it seeks "a conditional writ** remanding the matter back to the trial court for resentencing on the incest counts" [*see* Doc. 49 at 5]; the motion is **DENIED as moot in part to the extent that the respondent seeks summary judgment** on the claims that have already been dismissed by this Court as untimely. Accordingly, the petitioner is hereby **GRANTED** a conditional **Writ of Habeas Corpus** pursuant to 28 U.S.C. § 2254 and this matter is hereby **REMANDED** to the Circuit Court of Wetzel County, West Virginia, **for resentencing on the incest counts** [Counts 98-192] in accordance with this Order.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* petitioner.

**DATED:** August 2, 2013.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE